UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIRKPATRICK B. DUNBAR,                       Case No. 18-cv-6032

                              Plaintiff,        ANSWER AND CROSS-CLAIM

    -against-

EAST 45TH DEVELOPMENT LLC AND HERBS
THAI BISTRO LLC,

                              Defendants.
------------------------------------------------------------------X

Defendant HERBS THAI BISTRO LLC ("Responding Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Kirkpatrick B. Dunbar's ("Plaintiff") Complaint as follows:

### INJUNCTIVE RELIEF SOUGHT

The allegations in the first unnumbered paragraph of the Complaint assert characterizations and/or legal conclusions to which no response is required. To the extent a response is deemed required, Responding Defendant denies the allegations and the relief sought in the first unnumbered paragraph of the Complaint.

### JURISDICTION

1.     The allegations in paragraph 1 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denied the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denied the allegations in paragraph 2 of the Complaint.

## PARTIES

3. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Responding Defendant admits only that it is a New York Limited Liability Company that transacts business in the State of New York and within the jurisdictional district and leases the real property located at 251 E 45th Street, New York, NY 10017. Answering further, Responding Defendant denies the remaining claims in paragraph 7 of the complaint.

8. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

9. The allegations in paragraph 9 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 11 of the Complaint to the extent they are inconsistent with or improperly characterize 42 U.S.C. 1201(b)(1), (2) and (4).

12. The allegations in paragraph 12 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 13 of the Complaint.

14.     The allegations in paragraph 14 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.     Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.     Responding Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Responding Defendant denies the allegations in paragraph 19 of the Complaint.

## ACCESSIBLE ELEMENTS

a. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (a) of the Accessible Elements section of the Complaint and therefore denies them.

  b. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (b) of the Accessible Elements section of the Complaint and therefore denies them.

  c. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (c) of the Accessible Elements section of the Complaint and therefore denies them.

  d. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (d) of the Accessible Elements section of the Complaint and therefore denies them.

  e. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (e) of the Accessible Elements section of the Complaint and therefore denies them.

  f. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (f) of the Accessible Elements section of the Complaint and therefore denies them.

  g. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph (g) of the Accessible Elements section of the Complaint and therefore denies them.

  h. Responding Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph (h) of the Accessible Elements section of the Complaint and therefore denies them.

  i. Responding Defendant denies the allegations in paragraph (i) of the Complaint.

  20. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

  21. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

  22. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

  23. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

  24. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

  25. Responding Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

  26. The allegations in paragraph 26 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 28 of the Complaint.

## SECOND CAUSE OF ACTION – VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW

29. The allegations in paragraph 29 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 29 of the Complaint to the extent they are inconsistent with or improperly characterize NYC Admin. Code 8-107(4)(a).

30. Responding Defendant denies the allegations in paragraph 30 of the Complaint.

31. Responding Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 31.

## THIRD CAUSE OF ACTION – VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW

32. The allegations in paragraph 32 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required,

responding Defendant denies the allegations in paragraph 32 of the Complaint to the extent they are inconsistent with or improperly characterize NYS Exec. Law 296(2)(a).

33. The allegations in paragraph 33 of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, responding Defendant denies the allegations in paragraph 33 of the Complaint.

34. Responding Defendant denies the allegations in paragraph 34 of the Complaint.

35. Responding Defendant denies the allegations in paragraph 35 of the Complaint.

36. Responding Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 36.

## DAMAGES, ATTORNEY FEES AND COSTS

37. Responding Defendant denies the allegations in paragraph 37 of the Complaint.

38. Responding Defendant denies the allegations in paragraph 38 of the Complaint.

39. Responding Defendant denies the allegations in paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

40. Responding Defendant denies any allegations contained in the Complaint, and the relief requested in Plaintiff's prayer for relief, not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

41. Plaintiff's allegations fail to state a claim against Answering Defendant upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

42. If it is determined that the Property is not in full compliance with Title III of the ADA or ADAAG, any and all alterations required to correct such violations are not readily achievable.

### FOURTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred because Plaintiff lacks standing to bring a cause of action under Title III of the ADA.

### FIFTH AFFIRMATIVE DEFENSE

44. If it is determined that the Property, as defined in Paragraph 3 of the Complaint is not in full compliance with Title III of the ADA of ADAAG, any such violations are de minimis, technical, and/or do not prevent effective access by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

45. If it is determined that the Property is in violation of Title III of the ADA, the Court should decline an award of attorneys' fees and costs to Plaintiff, as Plaintiff made no effort prior to filing the lawsuit to obtain voluntary compliance.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANT

46. That if the Plaintiff was caused to sustain the injuries and damages in the manner and at the time and place alleged in the Plaintiff's Complaint and if it is found that this cross-claiming defendant is liable to Plaintiff herein, then, upon said allegations of the complaint and upon the pleadings and evidence, said damages were sustained by reason of the sole, active, and primary carelessness and/or recklessness and/or negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of warranty and/or strict liability by the co-defendants and this cross-claiming defendant is entitled to complete indemnification from any judgment over against co-defendants herein for all or part of any judgment over against co-defendants herein for all or part of any verdict or judgment that Plaintiff may recover against said cross-claiming defendant and/or, in the event that judgment over is not recovered on the basis of full indemnification, then this cross-claiming defendant demands judgment over and against all the co-defendants herein on the basis of an apportionment of responsibility for

the alleged occurrence for all or part of any judgment or verdict that Plaintiff may recover against said cross-claiming defendant.

WHEREFORE, Defendant Herbs Thai Bistro LLC respectfully requests that Plaintiff's claims be dismissed on the merits and with prejudice that Responding Defendant be awarded its attorneys' fees and costs incurred in this case; and further demand that, in the event this defendant is found liable to Plaintiff herein, then said defendant, on the basis of apportionment of responsibility, has judgment over against the aforementioned co-defendants for all or part of the verdict or judgment that Plaintiff may recover against this cross-claiming defendant; and that it be granted such other relief as the Court deems just and proper.

Dated:  New York, New York
         September 14, 2018

MARK DAVID SHIRIAN P.C.

By: _____
       Mark D. Shirian, Esq.
       228 East 45th Street, Suite 1700B
       New York, New York 10017
       (516) 417-0201
       Email: mshirian@shirianpc.com

*Attorney for Defendant Herbs Thai Bistro LLC*

To:   SEKENDIZ LAW FIRM P.C.
      45 Broadway, Suite 1420
      New York, NY 10006
      (212) 380-8087
      *Attorney for Plaintiff*

EAST 45th DEVELOPMENT LLC
335 Bond Street
Brooklyn, NY 11231

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I served the foregoing to be filed by ECF, which will notify all attorneys of record. A copy was also sent via ordinary U.S. Mail to Co-Defendant East 45th Development LLC at 335 Bond Street, Brooklyn, NY 11231.

                                               s/ Mark D. Shirian
                                               Mark D. Shirian